UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RUDOLPH DAVIS and ROHAN YOUNG,

Plaintiffs,

-against-

THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" #1, 2 & 3,

Defendants.

Case No.:

**COMPLAINT AND JURY DEMAND**

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E D N Y

★ SEP 0 9 2013 ★

LONG ISLAND OFFICE

CV 13 5021

ORMAN, J.

Plaintiffs Rudolph Davis and Rohan Young by their Attorney, STEVEN J. MOSER, P.C., complaining of the Defendants, The City of New York and Police Officers "JOHN DOE" #1, 2, and 3 allege as follows:

JURISDICTION

1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage, of rights, privileges, and immunities secured to the Plaintiffs by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and by 42 U.S.C. §§ 1981, 1983 [and § 1985].

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1343(3), this being an action authorized by law to redress the deprivation under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege, or immunity secured for the Plaintiffs by the Constitution and laws of the United States.

3. Jurisdiction of this court exists pursuant to 42 USC §§ 1981 and 1983 and under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

## VENUE

4. Venue is proper in the Eastern District of New York as the events complained of herein occurred in Queens County which is within the jurisdiction of this Court.

## PARTIES

5. Plaintiff Rudolph Davis was at all times relevant and material to this case, a resident of the County of Queens within the jurisdiction of this Court.

6. Plaintiff Rudolph Davis is black.

7. Plaintiff Rudolph Davis is of Jamaican national origin.

8. Plaintiff Rohan Young was at all times relevant and material to this case, a resident of the County of Queens within the jurisdiction of this Court.

9. Plaintiff Rohan Young is black.

10. Plaintiff Rohan Young is of Jamaican national origin.

11. At all times relevant and material to this case, the City of New York was, and upon information and belief still is, a municipal corporation incorporated under the laws of the State of New York and the employer of all the individual defendants herein and has as its address for service of process as care of The Corporation Counsel of the City of New York, 100 Church Street, New York, N.Y. 10007.

12. At all times relevant and material to this case defendants Police Officers "John Doe" #1, 2, and 3 (hereinafter "the Officers"), were Police Officers employed by the New York City Police Department, a branch of the City of New York and sued herein in their personal capacities and as agents of the City of New York under the common law.

## FULFILMENT OF ADMINISTRATIVE ACTIONS

13. Rudolph Davis has fulfilled all conditions precedent to the institution of this action by filing a notice of Claim within 3 months of the occurrence of the events described herein and was given Claim number 2012PI025771 and this action is filed within a year and ninety days of the events complained of herein.

14. Rohan Young has fulfilled all conditions precedent to the institution of this action by filing a notice of Claim within 3 months of the occurrence of the events described herein and was given Claim number 2012PI025772 and this action is filed within a year and ninety days of the events complained of herein.

## FACTUAL ALLEGATIONS

15. On the morning of July 10, 2012 Rudolph Davis drove his vehicle to Eastmac Auto Specialists (Eastmac), located at 116-03 Merrick Blvd, Jamaica, New York in order to have the brakes repaired on his vehicle.

16. After arriving at Eastmac, Mr. Davis' vehicle was placed on a lift so that the brakes could be inspected and repaired.

17. Also on the morning of July 10, 2012 Rohan Young walked from his nearby home to the premises of Eastmac to visit his acquaintance Easton McEwan (the proprietor of Eastmac).

18. Upon arriving at the auto repair shop, Rohan Young met Rudolph Davis. The men, who were previously unacquainted, struck up a conversation.

19. As the two Plaintiffs were standing in the garage, and Mr. McEwan was in an adjacent office, two white males who did not identify themselves entered the garage. One remained by the door and the other entered the adjacent office.

20. Shortly thereafter the New York City Police department raided the auto repair shop.

21. At that time Mr. Young and Mr. Davis became aware that the two white males who had first entered the garage were in fact plainclothes police officers.

22. One of the Officers told the plaintiffs to sit in two chairs in the garage. He said "You're friend over there" [referring to Mr. McEwan], "we are going to fuck him up and when we are done with him we are going to lock up his business."

23. Mr. Davis responded that he was not a "friend" of Mr. McEwan, and that he was a customer of the repair shop. His vehicle, which was registered to his name, was actually still on the lift.

24. One of the Officers asked Mr. Davis where he worked. Mr. Davis responded that he was a cook and smiled uncomfortably. One of the officers struck Mr. Davis once in the chest, and told him to stop smiling.

25. One of the officers told the men that they were "fucking Jamaicans" who "come to the U.S. to live off of the taxpayer's money."

26. Both Mr. Young and Mr. Davis were handcuffed behind their backs and sat on chairs within the garage while they were questioned. Neither man was told why he was being arrested.

27. The Officers took the two men to a panel van, where they sat for approximately 2 hours. The officers then transported the Plaintiffs to a precinct, where they were placed in a holding cell. The men were interrogated at the precinct. They were never told why they were being arrested.

28. After the precinct, the Plaintiffs were brought to central booking, where they were incarcerated for the night. Again, they were never told why they were being arrested.

29. They were released without any charges being brought against them. To this day, they are unaware why they were arrested.

30. The Plaintiffs were arrested without probable cause.

31. The Plaintiffs were arrested because they are black and of Jamaican national origin in violation of their right to equal protection of the laws.

32. Plaintiffs were traumatized mentally and emotionally as a result of their false arrest and discrimination that they suffered at the hands of the Officers.

33. The actions of Police Officers "John Does" # 1, 2, and 3 were callous, wanton, premeditated, done intentionally and knowingly to deprive Plaintiffs of their constitutional rights and Plaintiffs are entitled to substantial punitive damages against them in their individual capacities.

## AS FOR A FIRST CAUSE OF ACTION

34. The Plaintiffs repeat and reallege all prior allegations as if fully set forth herein.

35. The Plaintiff Rohan Young was arrested and imprisoned without probable cause in violation of his right not to be arrested without probable cause as guaranteed to him by the 4th and 14th Amendments and by 42 U.S.C. § 1983.

36. The Plaintiff Rudolph Davis was arrested and imprisoned without probable cause in violation of his right not to be arrested without probable cause as guaranteed to him by the 4th and 14th Amendments and by 42 U.S.C. § 1983.

## AS FOR A SECOND CAUSE OF ACTION

37. The Plaintiffs repeat and reallege all prior allegations as if fully set forth herein.

38. The Plaintiff Rohan Young was arrested because he was black.

39. The Plaintiff Rudolph Davis was arrested because he was black.

40. In arresting and the Plaintiffs because they are black, the Police violated Plaintiffs' right to equal protection of the laws as guaranteed to them by the constitution and laws of the United States and violated the Civil Rights Act of 1966, as amended, 42 U.S.C. §1981.

## AS FOR A THIRD CAUSE OF ACTION

41. The Plaintiffs repeat and reallege all prior allegations as if fully set forth herein.

42. The Plaintiff Rohan Young was arrested because he was of Jamaican national origin.

43. The Plaintiff Rudolph Davis was arrested because he was of Jamaican national origin.

44. In arresting and the Plaintiffs because they are of Jamaican National Origin, the Police violated Plaintiffs' right to equal protection of the laws as guaranteed to them by the constitution and laws of the United States and violated the Civil Rights Act of 1966, as amended, 42 U.S.C. §1981.

## AS FOR A FOURTH CAUSE OF ACTION

45. The Plaintiffs repeat and reallege all prior allegations as if fully set forth herein.

46. The Plaintiff Rudolph Davis was arrested and imprisoned without reasonable cause in violation of his common law right not to be arrested without reasonable cause.

47. The Plaintiff Rohan Young was arrested and imprisoned without reasonable cause in violation of his common law right not to be arrested without reasonable cause.

## AS FOR A FIFTH CAUSE OF ACTION

48. The Plaintiffs repeat and reallege all prior allegations as if fully set forth herein.

49. In arresting Plaintiffs without reasonable cause, and discriminating against Plaintiffs, the individual Police Officers were acting as agents of the City of New York and the City of New York is responsible and liable for their actions under the principal/agent and *respondeat superior* rule.

## CLAIM FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment:

A. Against Officers John Does # 1, 2, and 3, under the 1st, 2nd, 3rd and 4th causes of action awarding against each Officer:

   i) Damages 1n the amount to be proved at trial for each cause of action against each officer and in accordance with proof;

   ii) Damages for past mental and emotional anguish, and for future emotional and mental anguish, in the amount to be proved at trial for each cause of action and 1n accordance with proof;

   iii) Punitive damages against each Officer in the amount to be proved at trial and in accordance with proof;

   iv) Costs and disbursements of this action;

   v) Statutory attorney's fees for the First and Second causes of action in an amount to be proved at trial; and

   vi) Such other relief as Plaintiffs may be shown entitled to.

B. Against the C1ty of New York for the 2nd, 3rd, 4th and 5th causes of action:

   i) Damages m the amount to be proved at trial for each cause of action and in accordance with proof;

ii) Damages for past mental and emotional anguish, and for future emotional and mental anguish, in the amount to be proved at trial for each cause of action and in accordance with proof;

iii) Costs and disbursements of this action;

iv) Statutory attorney's fees, in the amount to be proved at trial; and

v) Such other relief as Plaintiffs may be shown entitled to.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs demand trial by jury in this action of all issues so triable.

Dated: Glen Cove, New York
September 5, 2013

Respectfully Submitted,
STEVEN J. MOSER, P.C.

*[signature]*

Steven John Moser (SM6628)
3 School Street, Suite 207B
Glen Cove, New York  11542
(516) 671-1150 • F (516) 882-5420
stevenjmoserpc@gmail.com